WR-83,226-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/27/2015 12:00:00 AM
Accepted 7/27/2015 8:11:38 AM
ABEL ACOSTA
CLERK

IN THE 410TH DISTRICT COURT
OF MONTGOMERY COUNTY, TEXAS

EX PARTE                          §

                                  §          CAUSE NO. 11-01-05582-CR (1)

NOEL BAIRD NORWOOD, III           §

RECEIVED
COURT OF CRIMINAL APPEALS
7/27/2015
ABEL ACOSTA, CLERK

## APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Noel Baird Norwood, III, files Applicant's Objections To The Trial Court's Findings Of Fact And Conclusions Of Law and would show as follows:

I.

## THE TRIAL COURT'S FINDINGS AND CONCLUSIONS ARE NOT SUPPORTED BY AND DIRECTLY CONFLICT WITH THE RECORD

Applicant filed the habeas corpus application on October 17, 2014 (H.C.R. 5-22).[1]  He did not file a brief or exhibits in support of the application at that time because he was waiting to see how trial counsel, Scott Ramsey and Clyde Burleson, would respond to the allegations of ineffective assistance of counsel.  The trial court ordered Ramsey to file an affidavit by December 18, 2014 (H.C.R. 29-30).  However, Ramsey and Burleson did not file their affidavits until May 12, 2015 (H.C.R. 41-50).  The State filed an answer and proposed findings of fact and conclusions of law on June 15, 2015 (H.C.R. 51-66).  Those proposed findings asserted that, in several respects, applicant had not presented adequate evidence or arguments in support of

---

[1] Applicant cites to the habeas record as, "H.C.R."

his allegations. Applicant filed a brief and exhibits and proposed findings of fact and conclusions of law on June 19, 2015 (H.C.R. 71-165). The State filed a supplemental answer and amended proposed findings and conclusions on June 22, 2015.[2] However, unbeknownst to either party, the trial court already had signed the State's first proposed findings verbatim on June 19, 2015. The trial court's findings are not supported by and directly conflict with the record in several important respects.

Regarding the first allegation of deficient performance, the trial court found that there was no opinion testimony regarding the credibility of K.W. or whether sexual abuse occurred (H.C.R. 68; Finding 5).[3] To the contrary, applicant cited numerous instances in the record where prosecution witnesses testified that K.W. behaved consistent with a victim of child abuse, that other evidence corroborated that K.W. was credible, and that the witnesses believed that she was sexually abused (H.C.R. 112-14). Accordingly, this Court should reject this finding.

Regarding the second allegation of deficient performance, the trial court found that applicant did not allege what objection counsel should have made to Kasidy Norwood's lack of concern for the complainant, K.W. (H.C.R. 68; Finding 6). To the contrary, applicant asserted that the testimony of Veronica Sjolander, the sex crimes investigator, that Kasidy did not seem concerned about K.W. when

---

[2] The district clerk did not include the State's supplemental answer and amended proposed findings in the habeas record.

[3] The trial court also made no conclusions of law as to whether counsel performed deficiently or applicant was prejudiced in this regard.

2

Sjolander interviewed her constituted the functional equivalent of Sjolander's improper opinion that K.W. was truthful and, therefore, Kasidy's skepticism was incredible (H.C.R. 118). Applicant specifically asserted that this testimony violated Rule of Evidence 702 and <u>Schutz v. State</u>, 957 S.W.2d 52 (Tex. Crim. App. 1997). Therefore, the record directly contradicts the trial court's finding that applicant did not allege what objection counsel should have made, and this Court should reject the finding.

Regarding the third allegation of deficient performance, the trial court found that the State did not imply that Kasidy had recently fabricated the story that K.W. recanted the allegation against applicant (H.C.R. 68; Finding 7). The trial testimony directly contradicts this finding. The State called Carla Cobb, a CPS supervisor, in rebuttal after the defense presented Kasidy's testimony about K.W.'s recantation. Cobb testified that applicant spoke with CPS on October 5, 2010, but did not assert that K.W. told him that she lied about the allegation, <u>and that Kasidy did not assert that K.W. admitted that she lied about the allegation</u> or that she slept with K.W. on September 23 (6 R.R. 145-46, 148). Therefore, the State implied through Cobb's rebuttal testimony that Kasidy had recently fabricated the story that K.W. recanted the allegation against applicant because she did not previously report the recantation to CPS. Accordingly, testimony that Kasidy sent applicant a Facebook message within four days of K.W.'s outcry asserting that K.W. admitted that she lied about

3

the allegation was admissible to rebut the State's inferences that applicant and Kasidy had recently fabricated K.W.'s recantation. This Court should reject the trial court's finding regarding this allegation.[4]

Also regarding the third allegation of deficient performance, the trial court found that there was no credible evidence that Kasidy would have testified that she sent a Facebook message to applicant about K.W.'s recantation (H.C.R. 68; Finding 8). Applicant filed a copy of the Facebook message, which he obtained from Ramsey's file, as an exhibit in the habeas proceeding (H.C.R. 155; AX 2). Furthermore, applicant's mother attests that his family gave Ramsey and Burleson a copy of the message when the family hired them to represent applicant (H.C.R. 95; AX 3). Where Kasidy testified that K.W. recanted the allegation at the hospital, and where applicant introduced evidence in the habeas proceeding that Kasidy sent applicant a Facebook message that referenced the recantation four days after K.W. made outcry, the trial court unreasonably found that there was no credible evidence that Kasidy would have testified that she sent the Facebook message. Either she would have admitted that she sent the message, or applicant would have been entitled to introduce the message as evidence of the prior inconsistent statement. Regardless of how applicant could have elicited this information, the record clearly demonstrates

---

[4] Similarly, the Court should reject the conclusion that counsel was not ineffective in failing to elicit evidence of the Facebook message because the State did not claim that Kasidy recently fabricated the assertion regarding K.W.'s recantation (H.C.R. 69; Conclusion 5).

that the jury would have learned that she sent the message had counsel tried to elicit that fact. The Court should reject the trial court's finding regarding this allegation.

Regarding the fourth and fifth allegations of deficient performance, the trial court found that applicant presented no credible evidence that K.W. was coached to make a false outcry of sexual abuse; no credible evidence to what Tricia Wiley (aka Patricia Acker) and Jordana Hebert would have testified; and no credible evidence that they would have testified favorably to applicant (H.C.R. 68-69; Findings 10, 12, 14). These findings could not be less accurate. Applicant presented uncontroverted evidence that Hebert, the CPS caseworker who was assigned to the case during the criminal investigation, removed K.W. and her siblings from the home of their maternal grandmother, Ellie Ballow, because Hebert suspected that Ballow was coaching K.W. to speak negatively of applicant (H.C.R. 164-65; AX 8). Evidence that a CPS caseworker believed that Ballow was coaching K.W. after she made outcry would have corroborated applicant's theory that K.W. also was being coached before she made outcry. Also in support of that theory, applicant presented evidence in the habeas proceeding that Wiley, who used to be married to Kasidy's brother, was available and willing to testify that Ballow had a motive to coach K.W. to fabricate the allegation against applicant; that Ballow made statements to Wiley before the outcry suggesting that she believed that applicant was abusing K.W.; and that Wiley had a favorable opinion of applicant's safe, moral treatment

5

of K.W. and the other children in the home (H.C.R. 158-61; AX 5).[5]  The State did not rebut any of this evidence.  Therefore, applicant did, in fact, present credible evidence that K.W. was coached and that Wiley and Hebert would have testified favorably for him had counsel called them.  The Court should reject the trial court's findings to the contrary.[6]

## CONCLUSION

This Court should reject the findings of fact and conclusions of law; review the case *de novo*; file and set it for submission; and grant habeas corpus relief in the form of a new trial.

Respectfully submitted,

*/s/ Josh Schaffer*

Josh Schaffer
State Bar No. 24037439

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Attorney for Applicant
NOEL BAIRD NORWOOD, III

---

[5] Also see AX 9, the affidavit of Patricia "Tricia" Wiley Acker, which the district clerk omitted from the habeas record but apparently has sent this Court in a supplemental transcript.

[6] Similarly, the Court should reject the conclusions that counsel was not ineffective in failing to discover evidence from Wiley and Hebert (H.C.R. 69; Conclusions 6-7).

6

## CERTIFICATE OF SERVICE

I served a copy of this document on Jason Larman, assistant district attorney,

by email on July 26, 2014.

/s/ Josh Schaffer
Josh Schaffer